UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>DONALD MICHAEL HUTMAN,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:22-CR-269 JCM (EJY)<br><br>ORDER |

　　　　Presently before the court is defendant Donald Michael Hutman ("defendant")'s motion for early termination of supervised release. (ECF No. 7). The United States of America (the "government") responded. (ECF No. 13). Defendant replied. (ECF No. 14).

　　　　Also before the court is defendant's motion to file defendant's financial affidavit under seal. (ECF No. 6). The government has not responded to this motion, and the time to do so has passed. Good cause appearing, the court GRANTS this motion.

**I.　　INTRODUCTION**

　　　　On June 13, 2001, in the Southern District of Iowa, defendant was indicted on, inter alia, one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (ECF No. 4-1). Defendant pled guilty to this charge and was sentenced on October 22, 2002, to 121 months in custody and 96 months of supervised release. (ECF No. 4-2). After serving a total of 262 months in custody, he commenced his term of supervised release on February 5, 2020. (ECF No. 3). This court accepted the transfer of jurisdiction over defendant on December 5, 2022. (*Id.*).

　　　　Prior to the transfer of jurisdiction, defendant allegedly violated several conditions of his supervised release, including by failing to comply with sex offender registration, leaving the district without permission, failing to report a change of address, and failing to follow the instructions of the probation officer. (ECF No. 13). No action was taken by the court. (ECF No.

**James C. Mahan**
**U.S. District Judge**

4).  Since this court accepted jurisdiction, defendant has remained in compliance with the conditions of his supervised release.  (ECF No. 7).

## II. LEGAL STANDARD

The court may, after considering certain factors set forth in 18 U.S.C. § 3553, terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  Those factors include, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant."  18 U.S.C. §§ 3553(a)(1), (4).  However, "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination."  *E.g.*, *United States v. Grossi*, CR 04–40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb 18, 2011).

## III. DISCUSSION

Defendant asserts early termination of supervised release is warranted here because he has been in compliance with the terms of supervised release since the transfer of jurisdiction, he has a good relationship with his family, he maintains full-time employment, and he wishes to travel to Thailand to visit his fiancé.  (ECF Nos. 7, 14).  Defendant further avers that his probation officer does not oppose early termination and that there is a presumption in favor of early termination because he has served over two years of his term.  (ECF Nos. 7, 14).  Additionally, defendant points to his lengthy 262 months of time in custody.  (ECF Nos. 7, 14).

In its opposition, the government points to defendant's past convictions—namely an aggravated sexual offense against a five-year-old child and his status as a career drug offender.  (ECF No. 13).  It further suggests that defendant's recent compliance with the conditions of supervised release and desire to travel to Thailand are insufficient to support early termination of supervised release.  (*Id.*).  The court agrees.

Defendant is a sex offender and career drug offender.  He does not enjoy the presumption in favor of early termination.   Despite the ample time served in custody, defendant still poses a risk to the public; twenty-two months of compliant supervised release[1] is insufficient to

---

[1] Defendant posits that the court should not consider prior violations of supervised release in the Southern District of Iowa because the court there did not take action on the violations and thus defendant did not have a hearing on the alleged violations.  Even if defendant was in full compliance with the

determine that defendant has been rehabilitated.  (*See* ECF No. 4).  Moreover, early termination does not become in the "interest of justice" simply because of defendant's desire to travel to Thailand.  *See* 18 U.S.C. § 3583 (e)(1).

The court nevertheless recognizes the progress that defendant has made rehabilitating into society, evidenced by his compliance with the conditions of supervised release and full-time employment.  However, this court has maintained jurisdiction over defendant for only six months, and his compliance prior to the transfer of jurisdiction is unclear.  It is premature to terminate supervised release at this time.

**IV.   CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for early termination of supervised release (ECF No. 7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to file his financial affidavit under seal (ECF No. 6) be, and the same hereby is, GRANTED.

DATED June 8, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

conditions of his supervised release since it commenced, mere compliance—even for 40 months—is insufficient to support early termination of supervised release in this case.

**James C. Mahan**
**U.S. District Judge**

- 3 -